UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED CONSUMERS CLUB, INC. and DIRECTBUY, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No.: 2:07-CV-358 JVB |
| PRIME TIME MARKETING MANAGEMENT, INC.; DELL CRAAYBEEK; and BRENDA CRAAYBEEK, | ) ) ) ) ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Defendants Prime Time Marketing Management, Inc., Dell Craaybeek and Brenda Craaybeek's ("Prime Time") Rule 72 Objections to Magistrate Judge Andrew P. Rodovich's January 11, 2008, decision ("Opinion and Order") denying Prime Time's Motion to Dismiss pursuant to Rule 13(a), or alternatively, Motion to Change Venue [DE 45]; (2) Prime Time's Request to Take Judicial Notice of the February 11, 2008, Entry and Order Dismissing Plaintiffs United Consumers Club, Inc. and DirectBuy, Inc.'s ("DirectBuy") Motion to Alter Judgment in Accordance with Federal Rule of Civil Procedure 59 in the Ohio Case [DE 55]; and (3) Prime Time's Motion for Leave of Court for a One-Day Extension to File Objections to Judge Rodovich's Opinion [DE 65]. For the reasons set forth below, Prime Time's Rule 72 Objections are **OVERRULED** [DE 45], Prime Time's Request to Take Judicial Notice is **DENIED AS MOOT** [DE 55], and Prime Time's Motion for Leave of Court for a One-Day Extension to File Objections is **GRANTED** [DE 65].

**BACKGROUND**

Judge Rodovich set forth the following background in his January 11, 2008, decision:

United Consumers Club, which has become DirectBuy, markets a franchise system. Franchisees operate buying clubs and offer memberships in the club. Each individual club's members purchase products, generally those related to home furnishings and improvement, at discount prices. In exchange for the right to operate a DirectBuy franchise, the franchisee pays an initial fee and on-going royalties from the sale of club memberships. (Opinion and Order at 1-2.)

DirectBuy maintains relationships with various manufacturers of home improvement products. Through these relationships, DirectBuy provides access to products for franchises to sell to its members at discounted prices. In addition, franchisees have the option to establish relationships with local providers of related products and services that also would be offered through the club. (Opinion and Order at 2.)

On September 11, 2007, Prime Time Marketing Management, Inc. and its owners, Dell and Brenda Craaybeek, filed suit against DirectBuy in the Court of Common Pleas, Montgomery County, Ohio. (Motion for Change of Venue, Exh. 1-L.) In the complaint, Prime Time related that it had been a party to a franchise agreement with DirectBuy since 1986. In November 2006, the parties extended their agreement beyond its initial terms through February 17, 2007. No further extensions were entered into, and in May 2007, DirectBuy gave Prime Time notice that its franchise agreement was terminated. Prime Time's complaint listed eight causes of action against DirectBuy, seeking to collect fees paid to DirectBuy by Prime Time customers and compensation for DirectBuy's use of Prime Time's employees and facilities. Prime Time sought recovery under theories of tortious interference with business relationships, unjust enrichment, and breach of implied contracts. (Opinion and Order at 2.)

2

On October 11, 2007, DirectBuy filed the complaint in this matter. DirectBuy alleged that Prime Time breached portions of the franchise agreement that prohibited Prime Time from making certain retail markups to the costs of items that it sold to members. DirectBuy further asserted Lanham Act claims based on allegations that Prime Time continued to use the DirectBuy trademark after the termination of the parties' relationship. One day after filing this cause of action, DirectBuy removed the Ohio state court action to the United States District for the Southern District of Ohio. (Opinion and Order at 2-3.)

On October 24, 2007, Prime Time sought dismissal of this action reasoning that the claims brought here by DirectBuy constituted compulsory counterclaims that were required to have been brought in the Ohio action. In addition, as an alternative, Prime Time sought to transfer this action to the Southern District of Ohio. In its responses, DirectBuy asserted that this matter was governed by the forum selection clause of the parties' franchise agreement. (Opinion and Order at 3.)

On January 11, 2008, Judge Rodovich denied Prime Time's Motion to Dismiss in Accordance with Federal Rule of Civil Procedure 13(a) Alternative to Prime Time's Motion to Change Venue [DE 15] and Prime Time's Motion for Change of Venue Alternative to Prime Time's Motion to Dismiss in Accordance with Federal Rule of Civil Procedure Rule 13(a) [DE 17]. Prime Time subsequently filed objections to Judge Rodovich's decision and DirectBuy responded to Prime Time's objections, which are now before this Court.

## LEGAL STANDARD

Under 28 U.S.C. § 1404(a), for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. The party requesting transfer has the burden of proving that the transferee court

3

is "clearly more convenient" than the transferor court. The court must make a case-by-case, fact-intensive inquiry. The weighing of the relevant factors involves a large degree of subtlety and latitude, and, therefore, is committed to the sound discretion of the presiding judge. *See Coffee v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986).

A district court's review of a magistrate judge's non-dispositive order is governed by Rule 72(a) of the Federal Rules of Civil Procedure.  Fed.R.Civ.P.72(a).  This rule provides that "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate's order found to be clearly erroneous or contrary to federal law." *Id.*  "A finding is clearly erroneous when, although there may be some evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Thornton v. Brown*, 47 F.3d 194, 197 (7th Cir. 1995) (internal citations omitted); *see also Weeks v. Samsung Heavy Indus. Co.*, *Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).  "Ordinarily, under clearly erroneous review, if there are two permissible views, the reviewing court should not overturn the decision solely because it would have not chosen the other view." *Burns v. Am. United Life Ins. Co.*, No. 05-CV-0466-DRH, 2006 WL 1004884, at *1 (S.D. Ill. Apr. 17, 2006) (quoting *Am. Motors Corp. v. Great Am. Surplus Lines Ins. Co.*, No. 87 C 2496, 1988 WL 2788, at *4 (N.D. Ill. Jan. 8, 1988). Accordingly, in order to overturn Magistrate Judge Rodovich's January 11, 2008 ruling, this Court must have a definite and firm conviction that he made a mistake.

## ANALYSIS

Prime Time filed its objections to Judge Rodovich's January 11, 2008, decision asserting that the forum selection clause contained in the parties' franchise agreement is permissive and unenforceable because it does not set forth an exclusive venue. (Objections at 4.)  Specifically,

4

Prime Time contends that the forum selection clause is permissive, rather than mandatory, because the clause permits DirectBuy to select between filing suit in Indiana or Illinois, and the clause does not require Prime Time to file suit in any specific court. (*Id*. at 6.) Prime Time further states that because the forum selection clause is unenforceable, DirectBuy should have filed its compulsory counterclaims in Ohio. (*Id*. at 8.)

In denying Prime Time's motion to transfer, Judge Rodovich relied on the express forum selection clause in the parties' franchise agreement and Seventh Circuit case law requiring courts to enforce these provisions like any other contractual term or provision. (Opinion and Order at 7-8.) The franchise agreement contained the following provision entitled "Governing law/Consent to Jurisdiction" which states:

> [Prime Time] agrees that [DirectBuy] may institute any action against [Prime Time] arising out of or relating to this Agreement in any state or federal court of general jurisdiction in Cook County, Illinois or in Lake County, Indiana, and [Prime Time] irrevocably submits to the jurisdiction of such court and waives any objection he may have to either the jurisdiction or venue of such court. Complt., Ex. 3 at 22.

(*Id*.) Judge Rodovich correctly analyzed the forum selection clause as being mandatory in that Prime Time had irrevocably submitted to this Court's jurisdiction and had waived all further objections to either jurisdiction or venue in this Court.[1] (*Id*. at 8-9.)

Alternatively, Prime Time argues that if this Court deems the forum selection clause to be mandatory, the convenience analysis favors transfer. (Objections at 8.) Specifically, Prime Time asserts that the situs of material events regarding DirectBuy's breach of contract and Lanham Act claims is in Ohio. (*Id*. at 8-10.) Prime Time further contends that the convenience of witnesses

---

[1] On January 23, 2008, the Southern District of Ohio transferred Prime Time's case against DirectBuy to the Northern District of Indiana [DE 43 and 49].

5

strongly favors transfer of the case to Ohio because it may be deprived of a fair defense since it cannot compel necessary third-party witnesses to testify. (*Id*. at 11.)

In his decision, Judge Rodovich properly considered those factors which bear on a § 1404(a) transfer; namely, the convenience of the parties and witnesses, and the interests of justice. (Opinion and Order at 9-10.) Judge Rodovich correctly analyzed Seventh Circuit precedent and determined that when a valid forum selection clause exists the convenience of the parties may not be asserted as grounds supporting a transfer. (*Id*.) Judge Rodovich then considered the convenience of the witnesses and interests of justice and determined that each consideration "yields, at most, neutral results." (*Id.* at 10-12.) Specifically, Judge Rodovich was not persuaded by Prime Time's concerns over the effect of alleged non-party witnesses outside the Court's subpoena power in considering whether DirectBuy's choice of forum should be disturbed. (*Id*. at 11.) Judge Rodovich further noted that Indiana, where the decision to terminate Prime Time's franchise occurred, had a legitimate connection to this case. (*Id*. at 11-12.) Finally, Judge Rodovich analyzed the public interest factors and concluded that none of them favored transfer. (*Id.* at 12.)

Accordingly, upon review of Judge Rodovich's January 11, 2008, decision, Prime Time's objections, and the briefs filed by the parties, applying the "clear error" standard, this Court cannot say that it is left with the definite and firm conviction that a mistake was made.

## CONCLUSION

For the foregoing reasons, Prime Time's Rule 72 Objections to Judge Rodovich's January 11, 2008, decision are **OVERRULED** [DE 45], Prime Time's Request to Take Judicial Notice is **DENIED AS MOOT** [DE 55], and Prime Time's Motion for Leave of Court for a One-Day Extension to File Objections is **GRANTED** [DE 65].

6

SO ORDERED on June 25, 2008.

                s/ Joseph S. Van Bokkelen
                JOSEPH S. VAN BOKKELEN
                UNITED STATES DISTRICT JUDGE