```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION


UNITED CONSUMERS CLUB, INC.;   )
DIRECTBUY, INC.,               )
                               )
          Plaintiffs           )
                               )
     v.                        )   Case No. 2:07 cv 358
                               )
PRIME TIME MARKETING MANAGEMENT)
INC.; DELL CRAAYBEEK; BRENDA   )
CRAAYBEEK,                     )
                               )
          Defendants           )
*******************************)
PRIME TIME MARKETING MANAGEMENT)
INC.; DELL CRAAYBEEK,          )
                               )
          Plaintiffs           )
                               )
     v.                        )   Case No. 3:08 cv 60
                               )
DIRECTBUY, INC., BETA FINANCE  )
COMPANY, INC.; UNITED CONSUMERS)
CLUB, INC.;                    )
                               )
          Defendants           )
```

## OPINION AND ORDER

This matter is before the court on the following motions: the Motion for Protective Order [DE 180] filed by Prime Time on November 20, 2009; the Motion to Strike Prime Time's Motion for a Protective Order [DE 182] filed by the plaintiffs on November 20, 2009; the Motion for Protective Order Regarding Mr. Raymond Dunkle, C.P.A. [DE 184] filed by Prime Time on November 23, 2009; the Motion to Strike Prime Time's Motion for a Protective Order [DE 187] filed by the plaintiffs on November 25, 2009; and the

Motion to Exclude Defendant's Expert Report Pursuant to Civil Rule 37 [and] in the Alternative, Plaintiffs' Motion in Limine [DE 199] filed by the plaintiffs on February 28, 2010. For the following reasons, Prime Time's Motion for Protective Order [DE 180] is **DENIED IN PART** and **GRANTED IN PART**; Plaintiffs' Motion to Strike Prime Time's Motion for a Protective Order [DE 182] is **DENIED**; Prime Time's Motion for Protective Order Regarding Mr. Raymond Dunkle, C.P.A. [DE 184] is **DENIED**; Plaintiffs' Motion to Strike Prime Time's Motion for a Protective Order [DE 187] is **DENIED**; and Plaintiffs' Motion to Exclude Defendant's Expert Report Pursuant to Civil Rule 37 [and] in the Alternative, Plaintiffs' Motion in Limine [DE 199] is **DENIED**.

## Background

Discovery originally was set to close in this matter on February 27, 2009. Prime Time filed a motion to extend discovery and, pursuant to a September 25, 2009 Order from this court, discovery was extended until November 24, 2009. The Order stated that "the court will extend the discovery deadline for sixty (60) days after the entry of this order to accommodate Prime Time's need to depose DirectBuy's key witnesses." (Order [DE 172], p. 19) On November 6, 2009, DirectBuy served Prime Time with a subpoena and notice of deposition for David A. Roberts, C.P.A., scheduled to take place on November 24, 2009. On the same day, DirectBuy also served Prime Time with a subpoena and notice of deposition for Richard Ferguson, C.P.A., scheduled for November 19, 2009. Ferguson originally was consulted by Prime Time to

testify as an expert witness, although he later refused. Prime Time requested DirectBuy to withdraw the subpoenas and notices of deposition for both witnesses based on its belief that the September 25, 2009 Order did not extend discovery for DirectBuy. The parties exchanged two letters and one telephone call in an effort to resolve this issue.

After Ferguson refused to testify, Prime Time retained Raymond Dunkle, C.P.A., as its expert witness. Prime Time disclosed its expert and expert report on November 2, 2009. DirectBuy tried to schedule a deposition of Dunkle on November 9, 2009. Prime Time responded that it would provide dates for a deposition at a later time. After confusion over whether the deposition could occur, Prime Time offered dates outside the discovery period. DirectBuy refused these dates because it would not be able to seek court intervention if the deposition occurred outside the discovery period. DirectBuy served a notice of deposition to take place on November 24, 2009. Due to Dunkle's longstanding vacation plans, Dunkle's deposition did not occur. Prime Time requests a protective order to prohibit the deposition of Dunkle. DirectBuy seeks to strike this motion and to exclude the expert report because it was not provided an opportunity to depose Dunkle within the discovery period.

## Discussion

First, Prime Time requests a protective order to prohibit the depositions of Roberts originally scheduled for November 24, 2009, and Ferguson, whose deposition was scheduled for November

3

19, 2009. DirectBuy opposes this motion and seeks to strike it on the grounds that Prime Time did not make a good faith attempt to confer and resolve the dispute outside of court.

A party may move for a protective order in order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Federal Rule of Civil Procedure 26(c)(1). Good cause is required for the granting of a protective order, and the burden is on the party seeking relief to show some plainly adequate reason for the order. 8 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* §2035 (3d ed. 1998). *See also* **Harrisonville Telephone Co. v. Illinois Commerce Commission**, 472 F.Supp.2d 1071, 1078 (S.D. Ill. 2006) (stating that in order to establish good cause, the movant must rely on particular and specific demonstrations of fact, rather than conclusory statements); **Patt v. Family Health Systems, Inc.**, 189 F.R.D. 518, 522 (E.D. Wis. 1999) (stating that it must be shown that disclosure will cause a clearly defined and serious injury). In addition, Federal Rule of Civil Procedure 37 requires the attorneys to make a good faith effort to confer and resolve the dispute before seeking court intervention.

Prime Time first asserts that the protective orders should be granted because the court only extended Prime Time's ability to conduct discovery from February 27, 2009 to November 24, 2009. Prime Time believes that DirectBuy's discovery deadline closed on February 27, 2009, relying on the September 25, 2009 order that stated "the court will extend the discovery deadline for sixty

(60) days after the entry of this order to accommodate Prime Time's need to depose DirectBuy's key witnesses." Contrary to Prime Time's belief, this order extended the deadline for both parties. The order does not state that the discovery deadline was extended for only one party, rather the order states that the deadline was extended because Prime Time still needed to depose DirectBuy's key witnesses. Therefore, the protective order is DENIED as to the deposition of Roberts because this deposition was scheduled within the extended discovery deadline, but the protective order for Ferguson cannot be granted on this ground.

Prime Time has raised two additional arguments in support of its request for a protective order to prohibit the deposition of Ferguson. First, DirectBuy did not provide two weeks notice as required by Local Rule 30.1 which states "[u]nless agreed by counsel or otherwise ordered by the court, no depositions shall be scheduled on less than fourteen (14) days notice." On November 6, 2009, DirectBuy served Prime Time with a subpoena to depose Ferguson on November 19, 2009, 13 days later. Second, Prime Time argues that Ferguson was consulted as a non-testifying expert witness, and for this reason cannot be deposed. Although DirectBuy responded that Ferguson was a third-party and not a non-testifying expert, the court finds otherwise.

Parties have a right to change their minds and decide not to use an expert. *See **Ross v. Burlington Northern R. Co.***, 136 F.R.D. 638, 639 (N.D. Ill. 1991) (re-designation of a witness from a testifying expert witness to a non-testifying expert did

5

not entitle opposing party to take his deposition). This does not render the information disclosed to the expert subject to discovery. Facts and strategies disclosed after the individual is retained as an expert witness are not discoverable, even if the witness no longer will testify and his opinion and facts are used by a subsequent expert witness. *Eliasen v. Hamilton*, 111 F.R.D. 396, 399 (N.D. Ill. 1986).

When Prime Time disclosed information to Ferguson, it did so under the belief that Ferguson was going to testify as an expert witness. Although Ferguson later refused to testify, the information was shared with him in his capacity as a retained expert witness, rendering it beyond the scope of discovery. Simply because a party changes his mind in regards to whether an expert witness will testify, the information shared under the safeguard of the rules does not become discoverable. *Ross*, 136 F.R.D. at 639. A party can change a testifying expert to a non-testimonial expert up until the expert report is disclosed. *Hartford Fire Ins. Co., Inc. v. Transgroup Exp., Inc.*, 264 F.R.D. 382, 384-85 (N.D. Ill. 2009). By doing so, the party is entitled to confidentiality for the information it disclosed to the expert. Because information was disclosed to Ferguson as an expert witness, and Prime Time changed its mind regarding whether he would testify prior to the disclosure of his expert report, Ferguson has become a non-testifying expert witness. As such, discovery cannot be conducted absent a showing of exceptional circumstances. *Ross*, 136 F.R.D. at 639. DirectBuy has not shown any exceptional

circumstances, and the protective order is thereby GRANTED as to Ferguson's deposition.

DirectBuy also has moved to strike Prime Time's motion for protective order. DirectBuy argues that Prime Time did not make a good faith effort to discuss the depositions as required by Rule 37 and Local Rule 37.1. Prime Time sent two letters to DirectBuy to try to resolve the dispute. Before filing a reply brief to its motion, Prime Time also called DirectBuy's counsel, but was unable to resolve the dispute.

Courts have broad discretion in determining whether the moving party has met the meet and confer component of Rule 37 and Local Rule 37.1. *Mintel Intern. Group, Ltd. v. Neerghen*, 2008 WL 4936745, *1 (N.D. Ill. 2008). Any form of communication can satisfy the requirements of the rules. The court will consider the totality of the circumstances in determining whether a party meets the good faith requirements. *Kidwiler v. Progressive Paloverde Ins. Co.*, 192 F.R.D. 193 (N.D. W.Va. 2000). One correspondence can meet this requirement when it was detailed and continued contact would not have been successful in resolving the discovery dispute. *Id.* at 198. *See also* *Alloc, Inc. v. Unilin Beheer B.V.*, 2006 WL 757871, *1 (E.D. Wis. 2006) (finding that several letters exchanged between the two parties satisfied the meet and confer requirement of Rule 37).

The letters Prime Time sent to DirectBuy explained its position regarding the depositions. Prime Time believed that permitting the depositions would violate the automatic stay, that

7

DirectBuy's ability to conduct discovery was closed, and that Ferguson could not be deposed because he was retained as a non-testifying expert witness. Prime Time stated its wish for DirectBuy to withdraw its notices for depositions and informed DirectBuy that it would file a motion for a protective order if DirectBuy did not withdraw them. Prime Time has maintained these positions throughout the filing of its motion for protective order. Because the parties could not resolve the issues through correspondence, Prime Time has maintained its position that the depositions could not be conducted, and the parties have been uncooperative throughout discovery, it is unlikely that continued conversation would have resolved the parties' dispute. Therefore, DirectBuy's motion to strike Prime Time's motion for protective orders for lack of good faith effort to meet and confer is DENIED.

Next, Prime Time requests a protective order to prevent the deposition of Dunkle, its expert witness, because Dunkle had long standing vacation plans for the day the deposition was scheduled. DirectBuy moves to strike this motion for lack of a good faith effort to confer and moves to exclude Dunkle's expert report. In its response to DirectBuy's motion to exclude Dunkle's expert report, Prime Time also requests for DirectBuy to be sanctioned for filing a frivilous motion.

On October 20 and 21, DirectBuy requested to take the deposition of Dunkle on November 9, 2009. Prime Time responded that it would provide dates for the deposition at a later time.

On November 6, DirectBuy offered to delay the deposition until November 24, 2009. Prime Time then responded that the deposition could not occur until DirectBuy requested relief from the automatic stay, a position DirectBuy asserts is frivolous and was made with the intent to delay. The parties resolved this issue, and on November 18, 2009, Prime Time provided a list of dates on which the deposition could take place. However, all of the dates fell after the close of the extended discovery period. For this reason, DirectBuy would not accept any of these dates and now argues that scheduling the deposition outside of the discovery period violates the spirit of the court's extension for discovery and would deny them the opportunity to resort to court intervention if required.

DirectBuy also argues that Prime Time's motion for a protective order should be stricken on the grounds that Prime Time did not try to resolve the discovery dispute absent court intervention. Counsel for the two parties had a telephone discussion on November 23, 2009, and sent correspondence regarding the date of the deposition. This was in addition to the earlier attempts to schedule the deposition on November 9, 2009. Because the parties made several attempts to communicate, neither party had altered its position, and the parties had limited time to resolve the issues before the close of discovery, it is unlikely that further communication would have resolved the issue. *See **Kidwiler***, 192 F.R.D. at 193 (considering the totality of the circumstances to determine whether the parties made a good faith effort to con-

fer). For this reason, DirectBuy's motion to strike Prime Time's motion for protective order as to Dunkle is DENIED.

DirectBuy also requests exclusion of the expert report prepared by Dunkle because it was not afforded the opportunity to depose Dunkle. DirectBuy argues that Prime Time made several excuses to delay the deposition and by permitting the deposition to take place after the close of discovery, it would not be able to seek court intervention if necessary.

Both parties have been uncooperative in their attempts to resolve discovery issues. Because the discovery deadline was extended from February 27, 2009 to November 24, 2009 for both parties, and Prime Time did not identify its testifying expert witness until November 2, 2009, after the discovery originally was set to close, DirectBuy was entitled to depose Dunkle. DirectBuy made early attempts to depose Dunkle, although Prime Time refused these dates for various reasons. However, it is not clear to the court why DirectBuy did not seek an additional extension of time for discovery when Prime Time presented dates outside of the discovery deadline.

Because both parties have been uncooperative, it would be unjust to punish DirectBuy by admitting Dunkle's expert report and allowing him to testify without permitting DirectBuy to depose him. Likewise, it would be unfair to punish Prime Time for DirectBuy's failure to seek an extension of discovery to take Dunkle's deposition after Prime Time proposed several dates. Rule 26(f) allows the court to amend discovery orders where

"justice so requires." Here, justice is best served by the court sua sponte re-opening discovery to permit the deposition of Dunkle. The parties had a limited time to schedule the deposition of Dunkle because he was not identified as an expert witness until November 2, 2009. In addition, the Prime Time had incorrect beliefs as to why the deposition could not occur, which the parties were later able to resolve. This added to the delay, pushing the deposition to the end of the discovery period when Dunkle was not available. Because both parties are at fault for failing to schedule Dunkle's deposition within the discovery period, the discovery period will be re-opened for eight weeks to accommodate the deposition of Dunkle. Accordingly, both Prime Time's motion for a protective order and DirectBuy's combined motion to strike and to exclude the expert report are DENIED. Discovery is extended for eight weeks.

_____

Based on the foregoing reasons, the Motion for Protective Order [DE 180] filed by Prime Time on November 20, 2009 is **DENIED IN PART** and **GRANTED IN PART;** the Motion to Strike Prime Time's Motion for a Protective Order [DE 182] filed by the plaintiffs on November 20, 2009 is **DENIED;** the Motion for Protective Order Regarding Mr. Raymond Dunkle, C.P.A. [DE 184] filed by Prime Time on November 23, 2009 is **DENIED;** the Motion to Strike Prime Time's Motion for a Protective Order [DE 187] filed by the plaintiffs on November 25, 2009 is **DENIED;** and the Motion to Exclude Defendant's Expert Report Pursuant to Civil Rule 37 [and] in the

Alternative, Plaintiffs' Motion in Limine [DE 199] filed by the plaintiffs on February 28, 2010, is **DENIED**.  Discovery is extended eight weeks to July 20, 2010, for the limited purpose only to accommodate the deposition of Dunkle.

ENTERED this 25th day of May, 2010

s/ ANDREW P. RODOVICH
United States Magistrate Judge