```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION


UNITED CONSUMERS CLUB, INC.;    )
DIRECTBUY, INC.,                )
                                )
             Plaintiffs         )
                                )
          v.                    )    Case No. 2:07 cv 358
                                )
PRIME TIME MARKETING MANAGEMENT )
INC.; DELL CRAAYBEEK; BRENDA    )
CRAAYBEEK,                      )
                                )
             Defendants         )
*******************************)
PRIME TIME MARKETING MANAGEMENT )
INC.; DELL CRAAYBEEK,           )
                                )
             Plaintiffs         )
                                )
          v.                    )    Case No. 3:08 cv 60
                                )
DIRECTBUY, INC., BETA FINANCE   )
COMPANY, INC.; UNITED CONSUMERS )
CLUB, INC.;                     )
                                )
             Defendants         )
```

                        OPINION AND ORDER

     This matter is before the court on the Response in Opposi-
tion to Defendant's Fee Affidavit [DE 278] filed by the plain-
tiffs, United Consumers Club, Inc. and DirectBuy, Inc., on March
2, 2011, in response to the defendant, Prime Time Marketing
Management, Inc.'s, affidavit of attorney's fees incurred in
bringing two motions to compel.  For the following reasons, the
attorney's fees Prime Time requests are reduced, and the plain-

tiffs are ORDERED to pay Prime Time $9,848.30 in attorney's fees, as awarded in the court's November 16, 2010 Opinion and Order.

## Background

The defendant, Prime Time Marketing Management, Inc., filed two motions to compel on February 17, 2010, and March 3, 2010, respectively. The court granted both motions in its November 16, 2010 Opinion and Order and directed Prime Time to file an affidavit in support of all relevant attorney fees relating to both motions. Prime Time submitted an affidavit explaining its attorneys' fees on November 24, 2010. Prime Time attached a spread sheet providing a brief description of the tasks its attorneys undertook, the initials of the individual who performed the action, and the rate, hour, and total amount due for each activity. In total, the defendant requests $12,758.30 for preparing the two motions to compel. The plaintiffs object to the amount of fees, arguing that they are unreasonable and account for tasks unrelated to the second motion to compel.

## Discussion

Federal Rule of Civil Procedure 37(a)(5)(A) states:

> If the motion [to compel] is granted--or if
> the disclosure or requested discovery is
> provided after the motion was filed--the
> court must, after giving an opportunity to be
> heard, require the party or deponent whose
> conduct necessitated the motion, the party or
> attorney advising that conduct, or both to
> pay the movant's reasonable expenses incurred

> in making the motion, including attorney's
> fees.

The recoverable fees are limited to the reasonable fees that an attorney would charge a client.  Bowerman v. Wal-Mart Stores, Inc., 2000 U.S. Dist. LEXIS 21616, at *3 (S.D. Ind. Nov. 30, 2000).  The court will consider whether the costs reportedly incurred in making the motion were reasonably necessary by evaluating the time spent preparing the motion and the rates charged.  Equal Employment Opportunity Commission v. Accurate Mechanical Contractors, Inc., 863 F.Supp. 828, 834 (E.D. Wis. 1994).

"The attorney's standard hourly rate is the best measure of the attorney's reasonable hourly rate."  Accurate Mechanical, 863 F.Supp. at 834 (citing Gusman v. Unisys Corp., 986 F.2d 1146, 1150 (7th Cir. 1993)).  This is because the rate clients are willing to pay the attorney account for his individual skill and ability.  Gusman, 986 F.2d at 1150.  In rendering this judgment, the court will generally take the attorney's experience and qualifications under advisement.  Accurate Mechanical, 863 F.Supp. at 834.

The court also must determine whether the time allotted to the given task is reasonable under the circumstances.  Accurate Mechanical, 863 F.Supp. at 834.  The court will consider the length of the motion or memorandum, the complexity of the case,

and the amount of authority the document refers to when assessing the reasonableness of the time allotted to the activities.  Maxwell v. South Bend Work Release, 2010 U.S. Dist. LEXIS 114462, at *13-14 (N.D. Ind. Oct. 25, 2010); Arrington v. La Rabida Children's Hosp., 2007 U.S. Dist. LEXIS 31127, 2007 WL 1238998, at *3 (N.D. Ill. Apr. 25, 2007) (reducing requested time when brief in sup- port of motion did not cite any case law); Mattenson v. Baxter Healthcare Corp., 2003 U.S. Dist. LEXIS 17983, 2003 WL 22317677, at *1 (N.D. Ill. Oct. 9, 2003) (finding that two hours was a reasonable length of time to complete a three page motion). Duplicate and excessive time cannot be recovered, and the court will carefully scrutinize a fee petition for such.  Bowerman, 2000 U.S. Dist. LEXIS 21616 at *3.  To enable the court to complete this task, "[t]he billing records must be sufficiently clear to enable the district court to identify what hours, if any, are excludable because they are excessive, redundant, or otherwise unnecessary."  Shoney's, Inc. v. Schoenbaum, 894 F.2d 93, 97 (4th Cir. 1990).

Prime Time acknowledges that the fee affidavit was filed a day after the court imposed deadline without leave.  Prime Time explained that this was due to an inadvertent internal error in docketing the affidavit.  The plaintiffs have not explained or alleged that they suffered prejudice by the one day delay.  In

fact, resolution of the motion and the plaintiffs' liability for
the fees has been prolonged four months.  The court will not deny
Prime Time its award for attorney fees because of a one day
inadvertent delay when the plaintiffs consistently have prolonged
and complicated this matter by failing to cooperate in discovery.

The plaintiffs first object that Prime Time's fee affidavit
fails to put forth sufficient facts to determine the reasonable-
ness of the rates charged.  Prime Time carries the initial burden
to show the reasonableness of the fees under Rule 37.  See
Maxwell, 2010 U.S. Dist. LEXIS 114462, *13 ("But the movant bears
the initial burden of documenting that its hours are reason-
able."); Accurate Mechanical, 863 F.Supp. at 834 (explaining
attorney's qualifications as a basis for determining the reason-
ableness of the rate of fees charged).  The opposing party then
may object to the reasonableness of the rates or accuracy of the
hours.  Tomazzoli v. Sheedy, 804 F.2d 93, 96 (7th Cir. 1986).

The plaintiffs have not expressly objected that the hourly
rates are unreasonable.  Rather, the plaintiffs attempt to con-
vince the court that they are unaware of who performed the work
that appears on the fee schedule Prime Time attached to its
affidavit.  However, the initials on the fee schedule clearly
represent the attorneys who have entered an appearance on behalf
of Prime Time in this case, Craig Matthews (CTM), David Deutsch

5

(DD), and Lawrence White (LW).  The court must assume that the
plaintiffs are aware of the credentials of Prime Time's attorneys
or that such information is readily ascertainable.  The hourly
rates appear to be reasonable for attorneys to charge, and the
plaintiffs do not argue that the rates are unreasonably high.
See e.g. Cobell v. Norton, 231 F.Supp.2d 295, 302 (D.D.C. 2002)
(finding $350 per hour was a reasonable fee); Acuscape Interna-
tional v. National Geographic Society, 2003 WL 21878773, *5
(S.D.N.Y. 2003)(finding that $215 to $495 per hour was a reason-
able rate for attorneys to charge).

The plaintiffs next argue that Prime Time embellished the
hours it spent working on the motions to compel.  The court
awarded Prime Time attorneys' fees for the second motion to
compel and its motion to compel Yast to submit to another deposi-
tion.  However, the affidavit Prime Time submitted was titled
"Affidavit of Craig Matthews in Support of Prime Time's Second
Motion to Compel," and the affiant stated that the costs were an
accurate accounting of the time relating to Prime Time's second
motion to compel.  Because Prime Time's second motion to compel
was filed on February 17, 2010, the plaintiffs argue that the
costs recorded after this date are unrelated to Prime Time's
motion and cannot be recovered.  Prime Time responds that despite
its affidavit's caption, the fee schedule accounts for the fees

related to its second motion to compel and its motion to compel
Yast to submit to a second deposition.  Because the court awarded
Prime Time attorney fees for both motions to compel that the
court addressed in its November 16, 2010 Opinion and Order, it is
logical that the affidavit covers the fees related to both
motions, and the dates and descriptions of the services suggest
the same.

However, the fee schedule does not identify whether Prime
Time's attorneys were working on the second motion to compel or
the motion to compel the deposition of Yast, making it difficult
for the court and the plaintiffs to assess the reasonableness of
the time expended on the tasks.  The party requesting fees bears
the burden of explaining the activities it undertook with enough
specificity that the court can determine its reasonableness.
Maxwell, 2010 U.S. Dist. LEXIS 114462, at *13.  In addition to
assuring that the amount of time expended on the motions is
reasonable, the court must be able to discern whether the activi-
ties were recoverable, or whether they would have been performed
even if the opposing party cooperated.  Maxwell, 2010 U.S. Dist.
LEXIS 114462, at *13.  Fees for activities such as document
review may not be recovered, but costs associated with communi-
cating with opposing counsel and preparing discovery motions

generally are recoverable.  Maxwell, 2010 U.S. Dist. LEXIS
114462, at *12-13.

Prime Time's affidavit fails to state the activities it
undertook with enough specificity for the court to determine the
reasonableness of the requested fees.  For example, on January
14, 2010, Prime Time broadly states that it "considered discov-
ery."  Even if the plaintiffs cooperated, Prime Time still would
have to "consider discovery" during the case.  Prime Time also
requests fees for reviewing the court's order pertaining to
discovery on November 9, 2009, and reviewing transcripts for
outstanding document references.  If the court chose to award
attorney fees for the November 9, 2009 Order, it would have done
so.  Because it did not, Prime Time cannot now recover fees for
it.  Furthermore, Prime Time would have reviewed transcripts to
search for document references as part of discovery regardless of
the plaintiffs' cooperation.  Maxwell, 2010 U.S. Dist. LEXIS
114462, at *13 (explaining that the time spent reviewing docu-
ments is not recoverable).

Prime Time also has failed to separate the time it spent
working on the second motion to compel and the motion to compel
the deposition of Yast.  In total, Prime Time requests 18.55
hours of fees for preparing the initial motions, 15.55 hours of
which were spent revising the motions.  Without more guidance,

the time reviewing the motion(s) appears excessive.  Prime Time
then claims that it spent 18 hours drafting and revising its
reply briefs, which total 12 pages, and do not cite cases.  It is
unlikely that it would have taken Prime Time a substantially
longer time to prepare two, six-page memoranda in reply when most
of the research had been completed with the initial brief,
particularly because the reply briefs cite to little or no
authority.  Maxwell, 2010 U.S. Dist. LEXIS 114462, at *13 (citing
Arrington, 2007 U.S. Dist. LEXIS 31127, 2007 WL 1238998, at *3
(reducing time because brief did not cite any case law); Matten-
son, 2003 U.S. Dist. LEXIS 17983, 2003 WL 22317677, at *1 (reduc-
ing time due to length of brief)).

Although the court notes that the motions involved complex
matters, they required different levels of sophistication.
Without more guidance the court cannot conclude that the time
allotted to each motion was reasonable.  Prime Time has failed to
clarify this issue in its response.  For this reason, the court
will reduce the amount of requested fees, accounting for the
excessive time spent reviewing the motions and the charges for
activities that the court cannot confidently conclude were
related to preparing both motions to compel.  The court finds
that eight hours is a reasonable amount of time to spend on the
reply briefs.  See Mattenson, 2003 U.S. Dist. LEXIS 17983, *3

(explaining that two hours is a reasonable amount of time to complete a three page motion).  Because Lawrence White (LW) primarily was responsible for completing the reply briefs, the court will reduce the fee award by $1,500.  The court also will reduce the recovery of fees for the excessive amount of time spent reviewing the motion(s) to compel by five hours, and deduct for the unrecoverable activities, reducing the fee award an additional $1,410.

———————————

The plaintiffs are DIRECTED to pay Prime Time the sum of $9,848.30 for attorney fees associated with Prime Time's two motions to compel.

ENTERED this 12th day of April, 2011

s/ ANDREW P. RODOVICH
United States Magistrate Judge