UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| United Consumers Club, Inc., and DirectBuy, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> Prime Time Marketing Management, Inc., Dell Craaybeek, and Brenda Craaybeek, <br><br> Defendants. | Case No. 2:07-CV-358 JVB |

**ORDER AND OPINION**

This matter is before the Court on Defendants motion for Rule 11 sanctions against Plaintiffs.

As part of the pretrial filings with this Court, Plaintiff DirectBuy submitted the Declaration of Janet Davidson. This declaration was three pages long, but DirectBuy only intended to submit two pages to the Court. DirectBuy explains that the third and final page was included as a "clerical error." On April 21, 2010, DirectBuy's counsel notified Prime Time's counsel of the error and told Prime Time to disregard the third page. (DE 377-1). On January 4, 2012, Prime Time filed a Rule 11 Motion with this Court alleging that DirectBuy filed the third page in bad faith.

The Court denies Defendant's Motion for Sanctions (DE 372). Defendants allege that the third page of Janet Davidson's Declaration was filed in bad faith. Plaintiff argues that Defendant's motion is baseless and procedurally deficient. Rule 11 requires the moving party to file a separate motion describing the specific conduct that violates the Rule. Fed. R. Civ. P. 11(c)(2). Rule 11 also requires the moving party to serve this

motion to the nonmoving party twenty-one days before filing it with the court.  *Id.*  The record does not indicate that Defendant gave Plaintiff twenty-one days to respond before filing the motion with the Court.  This procedural deficiency alone is enough to deny an award of sanctions.  *See Wilson v. Kautex, Inc.*, 2009 WL 1657460, at *1 (N.D. Ind. June 10, 2009) ("This 'twenty-one day safe harbor is not merely an empty formality.'" (quoting *Divane v. Krull Elec. Co., Inc.*, 200 F.3d 1020, 1026 (7th Cir. 1999)).  Consequently, an award of sanctions is not warranted in this case.

Plaintiffs in turn urges the Court to award it attorney fees for costs they incurred responding to Defendants' Rule 11 motion.  That motion too will be denied.

## CONCLUSION

The Court denies Defendant's Rule 11 motion (DE 372) and denies Plaintiff's request for attorney fees.  As the trial date is drawing nearer, the parties should focus on abiding by the Court's scheduling order and not waste their own and the Court's time and resources.

SO ORDERED on March 28, 2012.

  S/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE